IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |  | |
|---|---|---|---|
| ALONDRA E. F., | § | | |
| | § | | |
| Plaintiff, | § | | |
| | § | | |
| V. | § | No. 3:20-cv-02787-BN | |
| | § | | |
| KILOLO KIJAKAZI, Acting | § | | |
| Commissioner of Social Security, | § | | |
| | § | | |
| Defendant. | § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alondra F. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

## Background

Plaintiff is an individual who received supplemental security income benefits based on disability as a child from July 10, 2012, through August 1, 2016. *See* Dkt. No. 20-1 at 7. On August 16, 2016, the Social Security Administration issued a Cessation or Continuance of Disability or Blindness Determination, finding that Plaintiff's disabling mood disorders, including depression and anxiety, had improved, and that she was no longer disabled. *See* Dkt. No. 25 at 6. This Cessation was affirmed on reconsideration on October 13, 2017, and again on March 12, 2018 after a January 20, 2018 hearing before a Disability Hearing Officer. *See id.* At Plaintiff's request, a subsequent hearing before an administrative law judge ("ALJ") was held on July 24,

1

2019. *See id.* At the time of the hearing, Plaintiff was 22 years old. *See id.* She has a high school education and no past relevant work experience. *See id.*

On December 18, 2019, the ALJ issued an unfavorable decision, applying the five step sequential analysis (except step one, which does not apply in cases where, as here, the ALJ is determining whether a claimant who previous received disability benefits as a child remains disabled at age 18) and finding that Plaintiff's disability had ceased as of August 1, 2016. *See* Dkt. No. 20-1 at 17. At step two, the ALJ found the medical evidence established Plaintiff suffered from severe impairments due to depression and anxiety. *See id.* At step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or equal any impairment listed in the social security regulations. *See id.* The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with [] non-exertional limitations" including that Plaintiff be "limited to only simple routine, repetitive tasks, with occasional interaction with coworkers, supervisors and with the public," and "with few workplace changes." *See id.* at 18. Because the Plaintiff had no prior work experience, the ALJ proceeded to step five, where, relying on the vocational expert's testimony, he concluded that Plaintiff was capable of making a successful adjustment to work existing in significant numbers in the national economy. *See id.* at 22.

Plaintiff appealed the decision to the Appeals Council, which denied her request for review on July 7, 2020. *See* Dkt. No. 25 at 6. Plaintiff then filed this action in federal district court, challenging the hearing decision on the grounds that (1) the

2

ALJ's finding of medical improvement was not supported by substantial evidence and (2) the ALJ's RFC finding was not supported by substantial evidence. *See id.* at 12. After the parties submitted their responsive briefs, Plaintiff withdrew her first argument, noting it was based on an inapplicable statute; she now proceeds only on her second argument. *See* Dkt. No. 27 at 1.

## Legal Standard

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The

Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* But the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's sole remaining argument is that the ALJ's mental RFC is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ did not identify any medical opinion as the basis for his determination for Plaintiff's mental RFC and instead impermissibly relied on his own lay interpretation of the objective medical evidence. The Court agrees.

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, No. 3:15-cv-685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (citing 20 C.F.R. § 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)). "Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. The absence of such a statement, however, does not, in itself, make the record incomplete." *Ripley*, 67 F.3d at 557 (citing 20 C.F.R. § 404.1513(b)(6)). "[W]here no medical statement has been provided, [the Court's] inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*; *accord Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) (citation omitted).

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because, after the ALJ concluded the medical opinions addressing the functional effect of Plaintiff's severe mental impairments were unpersuasive, he relied on his own "lay interpretation of the raw medical data of record." Dkt. No. 25 at 15. The Commissioner disputes this characterization and responds that "[t]he ALJ considered Plaintiff's testimony, [] daily activities, examinations, the lack of restrictions placed on Plaintiff by a physician, and the statements of state agency medical consultants." Dkt. No. 26 at 7.

This case closely mirrors the facts of *Ripley*, wherein the United States Court of Appeals for the Fifth Circuit found that the ALJ's determination was not substantially supported where there was evidence in the record indicating that the claimant suffered from, and received treatment for, his medical condition but no medical professional's assessment of how that condition impacted the claimant's ability to work. *See Ripley*, 67 F.3d at 557. And, the Court rejected the Commissioner's argument that the medical evidence discussing the extent of the claimant's impairment substantially supported the ALJ's RFC assessment, finding that it was unable to determine the effects of the claimant's condition on his ability to work absent reports from qualified medical experts. *Id*. at 558 n.27; *see also Christopher S. v. Berryhill*, 2019 WL 2176753, (N.D. Tex. April 22, 2019); *Tyria v. Saul*, 2020 WL 10050779, (N.D. Tex. March 6, 2020); *Hill v. Saul*, 2020 WL 6370168 (N.D. Tex. September 29, 2020).

The only medical opinions in the record addressing Plaintiff's functional limitations were those of the State Agency Medical Consultants ("SAMC"). On August 26, 2016, Laurie Clemens, Ph.D. conducted a mental residual functional capacity assessment. *See* Dkt. No. 20-2 at 619. Assessing and rating Plaintiff's functional limitations using the psychiatric review technique, Dr. Clemens opined that Plaintiff had "moderate" limitations with respect to "Restriction of Activities of Daily Living" and "Difficulties in Maintaining Social Functioning" but "none" regarding "Difficulties in Maintaining Concentration, Persistence, or Pace" and "Episodes of Decompensation." *Id*. Dr. Clemens further reported that Plaintiff exhibited no more than moderate limitations in any of the four areas of functioning under the 'Paragraph B' criteria, with the exception of "Social Interaction," under which Dr. Clemens noted that Plaintiff was "markedly limited" in her "ability to interact appropriately with the general public." *Id*. at 623-24. On October 13, 2017, Leela Reddy, M.D. concurred in Dr. Clemens's opinion. *See id*. at 633.

The ALJ found the physicians' opinions unpersuasive and gave them "little weight" because "new evidence presented at the hearing level, particularly evidence regarding the claimant's mental symptoms, which are mostly mild, with some situational aggravation mostly due to the stress of small children, supports greater limitations." Dkt. 20-1 at 21. But, although he gave little weight to their opinions, the ALJ did not identify an acceptable medical opinion that supported his RFC determination.

The ALJ does not explain how he determined that Plaintiff was able to perform simple routine, repetitive tasks, with occasional interaction with coworkers, supervisors, and the public. *See* Dkt. No. 20-1 at 18. He considered Plaintiff's longitudinal medical records and noted that her psychotropic medications had been effective in controlling her symptoms. *See id*. at 20. He also referenced psychological examination reports conducted on July 27, 2016 and October 2, 2017 by Barbara Fletcher, Psy.D., which noted that Plaintiff had "ongoing depressive and anxiety symptoms, including decreased motivation to activity, social withdrawal, and problems with concentration and memory." *Id*. But none of this medical evidence addressed the effects of Plaintiff's conditions on her ability to work. *See Browning*, 2003 WL 1831112, at *7 (finding despite the fact that there was a vast amount of treating sources' medical evidence in the record establishing that plaintiff suffered from certain impairments, including voluminous progress reports, clinical notes, and lab reports, "none [made] any explicit or implied reference to effects these conditions h[ad] on claimant's ability to work" and the ALJ could not rely on that "raw medical evidence as substantial support for" the claimant's RFC).

Having rejected the only medical opinions in the record regarding the effects of Plaintiff's mental impairments on her ability to work, the ALJ appears to have relied on his own interpretation of the medical record and testimonial evidence, which he may not do. *See Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) ("An ALJ may not–without the opinions from medical experts–derive the applicant's [RFC] based solely on the evidence of his or her claimed medical conditions, [and] an ALJ

may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions.").

Consequently, substantial evidence does not support the ALJ's mental RFC determination. *See Medendorp v. Colvin*, No. 4:12-CV-687-Y, 2014 WL 308095, at *6 (N.D. Tex. Jan. 28, 2014) (finding because the ALJ rejected the only medical opinion in the record that he had analyzed that explained the effects of the claimant's impairments on her ability to perform work, there was no medical evidence supporting the ALJ's RFC determination).

Nevertheless, "[p]rocedural perfection in administrative proceedings is not required" and a so court "will not vacate a judgment unless the substantial rights of a party are affected." *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Plaintiff must show she was prejudiced by the ALJ's disregard for, or failure to elicit updated, medical opinion evidence in assessing her RFC. To establish prejudice, Plaintiff must show this failure of the ALJ to rely on a medical opinion casts doubt onto the existence of substantial evidence supporting her disability determination. *See McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 828, 827 (N.D. Tex. 2009) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

Here, the ALJ rejected the SAMCs' medical opinions on Plaintiff's mental limitations because evidence adduced at the hearing suggested Plaintiff's mental limitations were *greater* than those noted in the SAMC reports, rendering them stale.

But having determined that the SAMC opinions did not accurately capture Plaintiff's current mental functional limitations, the ALJ did not request an updated medical opinion that would have accounted for changes in Plaintiff's mental functioning, and instead relied on his own lay interpretation of Plaintiff's ability to work. Had he obtained an updated opinion, his determination of Plaintiff's RFC would, conceivably, have included greater limitations. This, in turn, could have altered the ALJ's findings at step five, at which the Commissioner bears the burden to identify gainful employment available in the national economy that Plaintiff can perform, and at which the ALJ determined Plaintiff was not disabled.

Therefore, the ALJ erred by making an RFC determination without medical evidence addressing the effects of Plaintiff's impairments on her ability to work and Plaintiff was harmed by that error. Accordingly, substantial evidence does not support the ALJ's determination of Plaintiff's RFC.

## Conclusion

For the reasons explained above, the hearing decision is reversed, and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: March 1, 2022

_____

                                      DAVID L. HORAN  
                                      UNITED STATES MAGISTRATE JUDGE